09-2756-ag
Borbon v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 31ˢᵗ day of August, two thousand ten.

Present:    ROBERT A. KATZMANN,
            PETER W. HALL,
            DENNY CHIN,
                        *Circuit Judges*.
_____

JOSE OVALDO BORBON-VARGAS,

                        *Petitioner*,

                                                No. 09-2756-ag

                - v.-

ERIC H. HOLDER, JR., U.S. Attorney General,

                        *Respondent*.
_____

For Petitioner:              Howard L. Baker, Wilens & Baker, P.C., New York, N.Y.

For Respondent:              Jeffrey J. Bernstein, Attorney, Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Jose Ovaldo Borbon-Vargas, a native and citizen of the Dominican Republic, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA") entered May 28, 2009, denying petitioner's motion to reopen his removal proceedings. *In re Jose Ovaldo Borbon-Vargas,* No. A037-641-339 (B.I.A. May 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA exceeds its discretion "only in those limited circumstances" where its decision "(1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Song Jin Wu v. INS*, 436 F.3d 157, 161 (2d Cir. 2006) (internal quotation marks omitted).

Certain lawful permanent residents may file special motions to reopen seeking discretionary relief under former INA section 212(c), as permitted by the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001) (holding that certain provisions of AEDPA and IIRIRA, which narrowed and then eliminated section 212(c) discretionary relief, did not apply retroactively). *See* 8 C.F.R. § 1003.44 (authorizing the filing of special motions to reopen by "certain aliens who formerly were lawful permanent residents, who are subject to an administratively final order of deportation or removal, and who are eligible to apply for relief under former section 212(c) of the Act"). Such motions were authorized to be filed between October 28, 2004 (the regulation's effective date, *see* 69 Fed. Reg. 57826-01), and April 26, 2005, *see* 8 C.F.R. § 1003.44(h). Here, it is undisputed that petitioner's section 1003.44 motion

to reopen was untimely, as it was filed on April 29, 2009, over four years after the applicable filing deadline. Accordingly, the BIA did not abuse its discretion in denying petitioner's motion to reopen.

Petitioner nevertheless argues that the relevant time period for filing the motion should be tolled because his former attorney was ineffective in failing to file the motion before the applicable deadline. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) ("[F]iling deadlines for motions to reopen premised on ineffective assistance may be subject to an equitable toll."). In order to demonstrate that his attorney was ineffective in failing to file a special section 1003.44 motion to reopen, petitioner must demonstrate that his "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) (internal quotation marks omitted). A deprivation of fundamental unfairness requires a showing that "competent counsel would have acted otherwise," and that petitioner was "prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted). In so doing, petitioner must demonstrate that his lawyer's failings were "egregious," *In re Lozada*, 19 I.&N. Dec. 637, 639 (BIA 1988), rather than merely showing that his counsel made an ordinary mistake. On the record before us, we see no error in the BIA's conclusion that petitioner's attorney was not ineffective. For that reason, there was no basis for the BIA to toll the relevant time period for petitioner to file a special section 1003.44 motion to reopen.

We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the petition for review is hereby **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK